Our last case for argument, Cerajeski v. Zoeller, Ms. Saunders. May it please the court. Your honors, the first time we were here on appeal, this court, after argument, entered judgment on plaintiff's claim for a declaration that the state's confiscation of interest on unclaimed property was a taking and that the state had to pay just compensation. On this appeal, the issues are whether plaintiff pursued her takings claim on which this court entered judgment pursuant to section 1983 and whether she was a prevailing party under this court's judgment in virtue of this court's judgment entitled to attorney's fees under section 1988. The district court on the first issue looked at the heading of count three which alleged the takings claim and the specific paragraphs and did not see a reference to section 1983 and thus concluded that that claim was not brought under section 1983. Now nobody has claimed that the complaint did not allege a section 1983 violation. The other paragraphs of the complaint were incorporated into count three. The relief requested was for a declaration that the defendants acting under color of state law deprived plaintiff of her constitutional rights in violation of section 1983. The defendants who were sued were sued in their official capacities according to section 1983. So the claim comes down to what the district court pointed to in 2014 as something missing from that count three. In addition to what was alleged in the complaint, the parties had proceeded on this count since the beginning of the case and had proceeded as if the claim had been brought under section 1983. The defendants so stated in the papers in the district court and in their brief to this court on the first appeal. On the second issue, which is whether the plaintiff was the prevailing party, this court entered a judgment. The district court thought that the judgment that this court entered was not sufficiently final because it left open the computation of the amount of just compensation and it also did not determine the issue of injunctive relief. After the case was remanded to the district court, the court knows the state changed the law and mandated that interest be paid on these banking accounts that had accrued interest. The district court dismissed the claim as moot and then said that there was no right to fees under section 1988 because the district court had not entered a final judgment. It was this court's judgment, but the way we view this court's judgment is that clearly it was sufficiently final. What the court did altered the relationship between the parties. The plaintiff prior to this court's judgment had no entitlement to interest, had no entitlement to just compensation. The state considered the property abandoned. The law was changed, and it was after this court's judgment. If I could interrupt for a moment, there were a great many activities in the district court on remand that took place before the change in the law that mooted the claim. That seemed to have an influence on the district court's decision on how to decide whether there was a change in the legal relationships between the parties sufficiently final to justify a prevailing party fee award. The district court looked at the language and what had been left open and said it wasn't sufficiently final. The post remand activities really related to two things. One, getting the district court to enter the judgment in accordance with the mandate of this court, which was that the plaintiff was entitled to just compensation and to determine the measure of just compensation when the claim was filed. The second part of the activity that plaintiffs initiated was taking the judgment that this court had entered and extending it to first the original plaintiff who had not appealed because she did not seek prospective relief, and then also a class of similarly situated people. And that was really not changing the judgment or the finality of the judgment or changing plaintiff status as the prevailing party, but really seeking to extend what this court had done. Well, all that activity delayed the entry of the... Yes, it did. And permitted the state legislature to step in and move the claim by changing the law. Well, there was some dispute when the case was remanded by the defendants as well as to whether the district court was supposed to determine just compensation or whether the state was. And so there was a period of time where nothing happened, and then there was a period of time when the parties discussed what they thought, who was supposed to determine just compensation and exactly what further relief there would be. Yes, and it did permit the state to change the law, but I don't... If the state had changed the law two days after, I don't think that would have... After this court had made the decision, I don't think that would have changed the plaintiff status as the prevailing party. That would have been the National Rifle Association case. That would have been, exactly. And the passage of time should not really change plaintiff status. She was the prevailing party, and the fact that a little bit more time passed shouldn't mean that she's no longer the prevailing party. Now, if you prevail in this appeal, do you agree with your opponent that the judge has to determine the reasonableness of your fee request? That the district court judge has? Has to. No, we do not, Your Honor. We have, should the court reverse, we would really respectfully request that this court exercise its discretion and determine the reasonableness of fees. But it isn't our discretion. Well, it's not really your discretion, but you would look at it and determine the reasonableness. We have two separate questions. One is whether any fee award is appropriate, and the second is whether the fees as submitted are reasonable. To find that your client was the prevailing party doesn't necessarily require an award of fees. That's the holding of Farrar against Hobby. You can have a prevailing party who doesn't get fees, so isn't that step also important? Yes, it is, Your Honor. And, again, we think this court is in the best position to determine that. And it's not, I am aware of one situation where that occurred, but it's an unreported case in the Third Circuit. Oh, you don't need to have unreported cases. I just mentioned Farrar against Hobby. Absolutely. It's the decision of the Supreme Court, which held exactly that. Absolutely, Your Honor. And, again, but the same reasoning would apply. It's this court that is, in our view, in the best position to determine whether any fees should be awarded at all. Why is it that you're requesting only the appellate fees and not fees for the representation at the district court level? Your Honor, that was a decision that was made among counsel. And there were other attorneys who handled this case in the district court who decided that they, who withdrew from the case and had made a determination after the district court's decision, I think in September of 2014, when she dismissed the case as moot and she made certain statements about our seeking fees. They decided, they were local counsel, they were responsible in the district court. Mr. Sussman and I are the two lawyers who handled the appeal. So I wouldn't seek fees when these lawyers withdrew from the case. I had no basis for seeking fees in the district court. So that's why we limited it. Okay. Well, thank you, Ms. Thomas. Thank you. Ms. Nieman? May it please the court. My name is Karen Nieman. I represent the Indiana Attorney General and the Treasurer. This court should affirm the district court's denial of Sarah Justy's attorney's fees request because she is not a prevailing party. Well, let me ask you a simple question, although maybe you won't like the slant in the question, which is, do you think a judgment of this court is worth a dollar? Yes, Your Honor. I think that this judgment is – Farrar against Hobby holds that winning a judgment with a nominal award of $1 makes the party a prevailing party. So if a judgment of this court is worth a dollar, that seems to be conclusive, is it not? Your Honor, it is not. In that case, a dollar did get Farrar a prevailing party status. However, it did not entitle him to fees. That was a case involving damages. As I just said to Ms. Saunders, that's a separate question. The district court held in this case that the plaintiff was not a prevailing party. And if our judgment is worth a dollar, it seems that the plaintiff is a prevailing party. Well, Your Honor, this case, the judgment was not worth monetarily a dollar. What if the state had not adopted law? Then what? Your Honor, it remains to be seen because on remand, the issue was interesting as to what Sarajewski was entitled to with respect to relief because this court ordered that she was entitled to just compensation when she filed a claim. But what that issue raised was whether she was entitled to that at all in that she sued the officials in their state in their official capacity. And because of that, it is monetary damages against the state, which is barred by the 11th Amendment. So there were a number of issues with respect to her claim for relief, whether she was entitled to that at all. And because of that, the issue on remand was very unsettled. She was not necessarily entitled to any relief in this case. And because that has occurred, the Zesser holding applies. This court had left to the district court the ability to fashion relief, in which Sarajewski did not obtain such relief. She did not obtain a final judgment. We said she was entitled to compensation, right? From the state. Yes, Your Honor. But what occurred procedurally in this case is it was a motion to dismiss. So this question is whether having issued that judgment ordering compensation, that was a win for the plaintiff. Well, Your Honor, it was a win in that it reversed. Otherwise, I mean, because our opinion didn't say, you know, well, we don't know whether she's really entitled to compensation. Well, Your Honor, it's whether she was entitled to compensation in this federal court. This court reversed the district court's dismissal of the complaint for failure to state a claim. So this court, in essence, found that she did state a takings claim. However, that does not negate the separate and distinct issue of 11th Amendment immunity. But look, our opinion said that she's entitled to just compensation. You may believe that that's incorrect, right? That would be a ground for the Supreme Court to reverse us. But it is what we decided maybe we shouldn't have, but we did. Well, Your Honor, I think that it is equivalent to the Hewitt v. Helms Supreme Court case in which judgment was entered by the Third Circuit in favor of Hewitt, found a due process violation in that case. And on remand, however, the district court found qualified immunity. It went back to the Supreme Court, and the Supreme Court found that Hewitt was not entitled to a prevailing party status and not entitled to fees. Because Hewitt obtained a judgment asserting a due process violation, does not necessarily equate... Look, what we said in the final paragraph of the opinion, the plaintiff is entitled to just compensation from the state when she files her claim to Sarah Jeske's account. But the amount of that just compensation has yet to be determined. And so it goes back for the district court to determine the amount of compensation. Yes, Your Honor, and the proprietary ability of her to receive injunctive relief, which is important because this court did remand the case to the district court to fashion the type of relief in which Sarah Jeske was entitled. Because that did not occur... The injunction was a separate point. At a minimum, she... We weren't sure there was a basis for that. But we did say, you know, that the just compensation would have... the amount would have to be determined. But she was entitled to the compensation. That's a judgment. Well, Your Honor, it's... the district court have had to compute that amount of compensation and... Well, yes, Your Honor, and there was a dispute between the parties as to what that just compensation meant. The state believed that it meant the amount and interest in which Sarah Jeske would have earned had the state not taken over the account, where Sarah Jeske thought it was the amount of interest that the state did earn in their use of the property. So there was a dispute over that amount. And additionally, this court's decision held that the state was entitled to charge fees for custodianship of the property. So there was a lot that was unclear on remand, and with an account that was only $10.65, which under the new law only allows her to receive an additional $0.10, the state's custodial fees could have exceeded that $0.10 in holding the account and attempting to find Ms. Sarah Jeske. But none of those issues were resolved. So it's possible, Your Honor, that there was a taking in this case, but no entitlement to just compensation. But then we said she was entitled to just compensation. That's the judgment. Yes, Your Honor. Did you get it reversed by the Supreme Court? No, Your Honor. But in essence, this court said she was entitled to just compensation, but that amount had not been determined. Yes, but it was for the district court to determine. Then the state comes along, and that complicates things. But there is a judgment. Your Honor, there is a final judgment from this court, but not a final judgment in the case. This court's judgment was not sufficient. But it's very common for the Court of Appeals to reverse a judgment or reverse a judgment and remand because there's more to be done in the district court. Yes, Your Honor. That's all we did here, and that's still a judgment. Your Honor, that's precisely what occurred in this case. What's special about this case? Your Honor, what you're describing procedurally is precisely what happened in Zesser v. Keith when this court found that Zesser was not a prevailing party. Because on remand he did not obtain relief, the district court did not determine the relief in which he was entitled. Here we have the same situation. Sarajewski is left with an unenforceable judgment because the law rendered him in. Do you think the state law is unrelated to our decision? No, Your Honor, I do not. But that would revert to the catalyst theory, which was expressly rejected in Buchanan. Well, look, do you think the district court on remand could have said, well, look, the Seventh Circuit made a mistake. They didn't understand the effect of the Eleventh Amendment, so I'm not going to carry out their judgment? No, Your Honor. Would a district judge say that? No, Your Honor. I don't believe that a district judge could say it in that fashion. What the district judge could say is that this court found that Sarajewski did, in fact, state a claim. However, a defense to a declaratory judgment or a judgment for money damages in this circumstance is the Eleventh Amendment. All the issues were not before this court on a motion to dispense. Our opinion said that Plaintiff was entitled to compensation. That's money. You may think that's wrong, but unless the Supreme Court reverses us, it is what it is. The district judge can't ignore it. The state can't ignore it. Your Honor, this court's decision said that it was a taking for just compensation. That is precisely what the Fifth Amendment states. That does not necessarily render one a prevailing party. When there is a taking, there needs to be a determination on just compensation because that would be an award for me. That's why I began by asking whether our judgment was worth a dollar, and you said yes. Well, Your Honor, I didn't mean in terms of the court's judgment. Do you think the judge might have awarded zero compensation? I'm sorry, Your Honor. Do you think the judge might have awarded zero compensation? Yes, Your Honor. It's possible that it could have been negative. Negative? In the event of the state's ability even to say— Did she owe you money? No, Your Honor. You're going pretty far. No, Your Honor. You said negative compensation. That means she'd owe you money. Well, it's possible that if one compares custodial fees— That is an extreme position to take. Your Honor, I don't mean to suggest that we would— You said negative compensation. Your Honor— Do you know what negative means? Yes, Your Honor. So what are you fussing about? Your Honor, what I intended to mean by that statement is that it's possible that the custodial fees would outweigh the 10 cents that Ms. Serajewski is entitled to under the new law. So that was never determined. We never had any kind of analysis as far as fees versus the interest Serajewski was receiving on the account before it was transferred to the state. Because Serajewski did not receive any relief in this case, the Zesser and Buchanan holdings prevail here. Well, in Zesser, was there an appeal, an intervening appeal? It has to do with a delay in the proceedings in the district court after the constitutional ruling. In Zesser, essentially, Zesser obtained a judgment in the district court finding a due process violation. The district court also determined that Zesser was entitled to injunctive relief, however, withheld judgment and instead asked the parties to submit their proposal. In Zesser, there wasn't a judgment. There was an order saying there was a summary judgment decision. There was a due process, right. There was not a judgment entered. The court withheld entry of judgment. That's correct. And here, just like in here, we do not have a final judgment from the district court. Well, we have a judgment from this court, though. That's what was – I mean, Zesser doesn't have that fact pattern. That's true. It does not have an appellate fact pattern. But there is one in Hewitt v. Helms where the Third Circuit held that its judgment, finding a due process violation, did act as a final declaratory judgment for the purposes of prevailing party status. But the Supreme Court rejected that argument and found that it was not expressly because the Third Circuit remanded the case to fashion relief in which, at that point, the case became moot. So those two cases are essentially what holds the day here. The Supreme Court's holding in Buchanan says expressly that a plaintiff is not entitled to attorneys' fees where she has acquired a judicial pronouncement that the defendants have violated the Constitution, unaccompanied by judicial relief. With that, Your Honor, we request the district court's decision be affirmed. Okay. Thank you, Ms. Niemann. So, Ms. Saunders, do you have anything further? I'll respond very briefly. Just two points. One, after the State's presentation, there sort of reveals the dispute as to who was to determine just compensation and the interpretation of this order, which perhaps goes to Judge Sykes' question as to some of the delay because we read this court to say just compensation and the court determines it. The State read it to be that she must file her claim and then the State will pay what the State determines is due. But there was some of that. But this court ordered just compensation, and the just compensation to the plaintiff in this case, admittedly, was a small amount. The effect of this court's judgment was way beyond that. I mean, it affected all of the people who had interest-bearing accounts, and perhaps that's why we brought class action, which further caused another problem. But it was more than nominal damages, nominal for the plaintiff in this case but a much wider effect. So we would just ask, the plaintiff would ask the court to reverse the district court and to consider the plaintiff's request for fees and the reasonableness of the fee request or award fees that this court feels reasonable. Okay, thank you very much.